FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>CICERO POLICE OFFICER WITH STAR #381, UNKNOWN OFFICERS, and the TOWN OF CICERO,<br><br>    Defendants. | No.  **08 C 1061**<br><br>**JUDGE DER-YEGHIAYAN**<br>**MAGISTRATE JUDGE NOLAN** |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER WITH STAR #381, UNKNOWN OFFICERS, (hereinafter, the "DEFENDANT OFFICERS"), and the TOWN OF CICERO.

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the TOWN OF CICERO.

4. The TOWN OF CICERO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

1

employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the TOWN OF CICERO.

## FACTS

5.  On or about August 20, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6.  On or about August 20, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.  The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

8.  On August 20, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

9.  As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

10. On or about August 20, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the TOWN OF CICERO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course

and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

11. Upon information and belief, OFFICER WITH STAR #381, on August 20, 2006, came into physical contact with PLAINTIFF.

12. Upon information and belief, UNKNOWN OFFICERS, on August 20, 2006, came into physical contact with PLAINTIFF.

## CONSPIRACY

13. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

   e. generating false documentation to cover-up for their own and each other's misconduct.

14. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 20, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, and suffer emotionally.

## EQUAL PROTECTION

15. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

16. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Town of Cicero Police Officers.

## COUNT I
### §1983 False Arrest

17. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

18. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

19. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### § 1983 Conspiracy Claim

20. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### § 1983 Equal Protection – Class of One

22. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

23. The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

24. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

5

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### 745 ILCS 10/9-102 Claim Against the TOWN OF CICERO

25. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

26. Defendant TOWN OF CICERO is the employer of the DEFENDANT OFFICERS alleged above.

27. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the TOWN OF CICERO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the TOWN OF CICERO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT V
### Supplementary Claim for *Respondeat Superior*

28. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

29. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant TOWN OF CICERO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the TOWN OF CICERO and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

30. Plaintiff demands trial by jury.

        Respectfully submitted,


        s/ Blake Horwitz_____
        Attorney for the Plaintiff
        Blake Horwitz



**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)